UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

───────────────────────────────

ADRIAN ALLEYNE,

          Petitioner,

– against –

AKINYEMI AWOPETU,

          Respondent.

**MEMORANDUM & ORDER**

18-CV-05081 (ERK)

───────────────────────────────

KORMAN, *J.*:

      In October 2016, Adrian Alleyne pleaded guilty in New York State Supreme Court to various counts arising out of possession of a firearm – the most serious of which was Criminal Sale of a Firearm in the Second Degree in violation of N.Y.P.L § 265.12(1) – and waived his right to appeal. Plea Colloquy, ECF No. 6-2, at 4, 13. He was principally sentenced to five years in prison. Sentencing Tr., ECF No. 6-3, at 9. Alleyne filed a notice of appeal in the Supreme Court dated January 24, 2017. Povazhuk Aff., ECF No. 6, ¶ 8. The Supreme Court's Appeals Bureau forwarded Alleyne's appeal to the Appellate Division in January of 2018. *Id.* ¶ 9; Supreme Court Ltr., ECF No. 6-4. On November 21, 2018, ADA Dmitriy Povazhuk spoke with the Clerk of the Appellate Division, who informed him that the court was not in receipt of Alleyne's notice of appeal. Povazhuk Aff. ¶ 10. When ADA Povazhuk called again on January 7, 2019, the Clerk advised him that the Appellate Division had received Alleyne's notice of appeal (presumably after the first call), and that his motion for poor person relief and assignment of counsel was then

1

pending. *Id.* ¶ 11. My chambers contacted the Clerk of the Appellate Division on March 13, 2019 and was informed that a decision on Alleyne's motion has not been reached.

Alleyne seeks habeas relief on two grounds: First, he argues that his Fourth Amendment rights were violated when he was subjected to a warrantless arrest. Second, he argues that his right to due process was violated because the Appellate Division has delayed in ruling on his direct appeal dated over two years ago.

Alleyne has been released on parole. N.Y. Dep't Corr. & Cmty. Supervision, Inmate Information, http://nysdoccslookup.doccs.ny.gov. Nevertheless, because Alleyne was in custody at the time he filed this petition, and because he still faces a period of supervised release, the petition is not moot.

## DISCUSSION

### I. *Fourth Amendment Claim*

Alleyne claims that his Fourth Amendment rights were violated when he was arrested without a warrant. This argument was made and rejected by the judge at sentencing on the ground that Alleyne had in fact been arrested pursuant to a warrant:

> The Court: Mr. Alleyne, your Fourth Amendment rights were not violated once the grand jury votes an indictment. Once the grand jury votes an indictment, they file it, that becomes an arrest warrant automatically, which I signed. Then they can go to your home and arrest you. So when I say this, you can rest assured that your Fourth Amendment rights were not violated on that particular issue. Anything else you want to say?
>
> The Defendant: All right. Since you cleared that up . . . .

Sentencing Tr. 8. The warrant is an exhibit attached to the District Attorney's affidavit. Arrest Warrant, ECF No. 6-1.

This consideration aside, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus

relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 490-95 (1976) (footnotes omitted). Habeas review of a Fourth Amendment claim is available only if "the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or . . . if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)).

Alleyne's Fourth Amendment claim meets neither of these exceptions. New York provides corrective procedures to redress Fourth Amendment violations through suppression hearings. *See* N.Y. C.P.L. §§ 710.20-710.70. These procedures are facially adequate. *Capellan*, 975 F.2d at 70 n.1; *Gates*, 568 F.2d at 837 & n.4. While Alleyne pleaded guilty before a suppression hearing was held, the opportunity for a suppression hearing was available to him. *See McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69 (2d Cir. 1983) (habeas relief not available to appellant who failed to pursue a suppression hearing because "[t]he focus of this standard is the word 'opportunity,' [which] means only that the state must make available a 'statutory mechanism' for suppression of evidence tainted by an unlawful search or seizure"). In any event, as indicated above, I need not rely on *Stone v. Powell* because Alleyne's claim was raised and correctly found to be without merit at sentencing.

## II. *Appellate Delay*

"[O]nce a state has provided defendants in criminal cases with the right to appeal, due process requires that an appeal be heard promptly." *Elcock v. Henderson*, 947 F.2d 1004, 1007 (2d Cir. 1991) (quotation omitted). Four factors are weighed together to determine whether an appellate delay warrants habeas relief: (1) the length of the delay, (2) the reason for the delay, (3)

whether the defendant asserted his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Elcock*, 847 F.2d at 1007-09 (applying *Barker* in context of appellate delay); *Cody v. Henderson*, 936 F.2d 715, 722 (2d Cir. 1991) (same). Finally, to warrant release from custody, "the delay [must] so taint[] the appellate process as to affect the constitutional integrity of the appeal itself." *Cody*, 936 F.2d at 722. I evaluate each factor in turn.

First, the notice of appeal was received by the Appellate Division sometime between November 21, 2018 and January 7, 2019, meaning that the Appellate Division has only been aware of it for a matter of months and will hopefully resolve it shortly. *See Richard-Antonio v. O'Meara*, 2013 WL 5019395, at *7-10 (S.D.N.Y. May 21, 2013), *report and recommendation adopted*, 2013 WL 5049065 (S.D.N.Y. Sept. 13, 2013) ("[W]hen a previously-stalled state . . . proceeding has come to life . . ., it is appropriate for a federal court to give the state appellate courts an opportunity to hear the claims in the first instance." (quotation omitted)). The delay, as it currently stands, cannot be considered excessive. *See Muwwakkil v. Hoke,* 968 F.2d 284 (2d Cir. 1992) (13-year delay violated due process); *Elcock,* 947 F.2d at 1007-08 (eight-year delay violated due process); *Vazquez v. Bennett*, 2002 WL 619282, at *2 (S.D.N.Y. Apr. 17, 2002) (four-year delay was not long enough to resolve the first *Barker* factor in petitioner's favor).

Second, the reason for the delay was a ministerial error – either the Supreme Court did not forward the notice of appeal or the Appellate Division mishandled it upon receipt – rather than malicious or intended to cause delay. Courts "routinely count neutral delay 'such as negligence or overcrowded courts' against the government because 'the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *United States v. Black*, 2019 WL 1233214, at *10 (2d Cir. Mar. 18, 2019) (quoting *Barker*, 407 U.S. at 531). Thus, the second factor favors Alleyne, although does not tip the scales significantly.

The third factor, whether Alleyne asserted his right by alerting the Appellate Division to the apparent delay, does not appear to have been satisfied. At least his petition provides no indication that he did so. Indeed, it was the District Attorney who contacted the Appellate Division to ask whether it had received Alleyne's Notice of Appeal from the Supreme Court. This call appears to have set in motion a process to resolve Alleyne's motion for poor person relief and assignment of counsel.

The fourth factor disfavors Alleyne since he has not shown that the delay has prejudiced him. Alleyne appealed from the judgment of conviction, following a plea colloquy where he waived his right to appeal. Plea Colloquy 12-13. *See People v. Batista*, 86 N.Y.S.3d 492, 495 (App. Div. 2018), *lv. denied*, 32 N.Y.3d 1169 (2019) (Appellate waiver relinquishes "most claims of error as well as whether the sentence imposed was excessive"). Somewhat confusingly, the judge at sentencing later indicated that "the appellate courts will have to take a look at this, even after sentence" and Alleyne was advised of his right to appeal from the judgment imposed on him., Sentencing Tr. 5, 12. Regardless, the issue Alleyne would pursue on appeal is that of his warrantless arrest, which as discussed above, is plainly without any factual basis. *See Id.* at 8; Arrest Warrant.

Finally, it cannot be said that "the disposition of the appeal [has been] tainted by the delay." *Cody*, 936 F.2d at 722. Weighing each of these considerations, I reject Alleyne's contention that the Appellate Division's delay triggers due process concerns that require habeas relief.

## CONCLUSION

Alleyne's petition for a writ of habeas corpus is denied. I decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York  
March 19, 2019

*Edward R. Korman*  
Edward R. Korman  
United States District Judge